AARONSON v. McCAULEY et al.

(City Court of New York, General Term. July 1, 1892.)

HUSBAND AND WIFE—SAVINGS FROM HOUSEHOLD EXPENSES—RIGHTS OF CREDITORS.
   A married woman saved the sum of $140 from moneys furnished by the husband for household expenses, concealing that fact from him, and invested the money in a small grocery business. *Held*, that the groceries were liable for the debts of the husband.

Appeal from trial term.

Action by Sarah Aaronson against James McCauley and one Sigel. From a judgment for plaintiff, defendant Sigel appeals. Reversed.

Argued before McGOWN and FITZSIMONS, JJ.

A. & L. Lovy, for appellant. A. H. Berrick, for respondent.

FITZSIMONS, J. The plaintiff is the wife of one Nathan Aaronson. Out of the moneys allowed her by her husband for the support of his household she saved the sum of $140, which she invested in a grocery business, purchasing and conducting the same in her own name. The defendant Sigel obtained a warrant of attachment against the plaintiff's husband, and levied upon the grocery business mentioned, and sold the same. This action is brought for the conversion of said property. Judgment was rendered for the plaintiff for $80. In the management of a household the wife is the agent for her husband, and any surplus arising out of the economy of the wife in her conduct and management of such household remains and is the property of the husband, unless bestowed as a gift upon the wife, which is not the case here. The plaintiff even concealed from her husband the fact that she had saved the $140, which enabled her to purchase the store in question. We are therefore of the opinion that the $140 saved by plaintiff was the property of her husband, and, when she purchased the business mentioned, she did so as the agent or trustee of the husband, the purchasing funds being his property, and that in the continuance of said business even in her name, as a matter of law, she acted as such agent or trustee for her husband; and therefore the levy under the writ of attachment was lawful, and no right of the plaintiff was thereby violated. The verdict rendered was therefore against the law, and must be reversed, and a new trial ordered, with costs to appellant to abide event of action.